IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANA HOLLOWAY SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-056 |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff applied for DIB on July 25, 2018, alleging a disability onset date of January 1, 2014. Tr. ("R."), pp. 219-26. Plaintiff was forty-four years old at her alleged disability onset date and fifty-one years old at the time the Appeals Council ("AC") denied review of the decision currently under consideration. R. 1, 222. Plaintiff alleged disability based on the following

conditions: major depression, Hashimoto/thyroid disease, slow motility, gastroparesis, cyclic vomiting syndrome, autonomic neuropathy, having no colon, chronic small intestine bacterial overgrowth, nerve root flattening, and spinal arthritis, bone spurs, and spondylitis. R. 282. Plaintiff completed two years of college and cosmetology school and has accrued work history as a hairstylist. R. 283.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 119-22, 128-34. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 135-39, and the ALJ held a hearing by telephone on July 7, 2020. R. 39-83. At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Chaddrick Middleton, a Vocational Expert ("VE"). R. 39-40. On September 21, 2020, the ALJ issued an unfavorable decision. R. 21-33.

Applying the sequential process required by 20 C.F.R. §§ 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2014, through her date last insured of September 30, 2017 (20 CFR 404.1571 et seq.).

2. The claimant had the following severe impairments: Spinal disorder, with radiculopathy; osteoarthritis; idiopathic peripheral neuropathy; fibromyalgia; and recurrent intestinal blockages of unclear origin with adhesions, gastroparesis and recurrent nausea and vomiting (20 CFR 404.1520(c)).

3. The claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant had the residual functional capacity ("RFC") to perform sedentary work[1] as defined in 20 CFR 404.1567(a) in that she could lift and carry up to

---

[1]"Sedentary work" is defined by 20 C.F.R. §§ 404.1567(a) as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as

2

      10 pounds occasionally and less than 10 pounds frequently; stand and walk an aggregate of up to four hours and can sit at least six hours in an eight-hour workday; and could no more than occasionally stoop, twist, balance, crouch, crawl, kneel and climb stairs or ramps, but could not climb, ladders, ropes, or scaffolds. She could no more than occasionally reach overhead with the bilateral upper extremities. She should have no required exposure to unprotected heights, vibration, or dangerous machinery, and no concentrated exposure to extremes of cold temperature. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

5. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).  Therefore, The claimant has not been under a disability, as defined in the Social Security Act, at any time from January 1, 2014, the alleged onset date, through September 30, 2017, the date last insured. (20 CFR 404.1520(g)).

R. 23-33.

When the AC denied Plaintiff's request for review of this unfavorable decision on January 25, 2021, R. 1, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g).  On March 27, 2021, Plaintiff filed this civil action requesting reversal or remand.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this

---

      one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

4

### III. DISCUSSION

Plaintiff argues the ALJ erred in formulating her RFC in three ways: by improperly evaluating Plaintiff's subjective complaints, by failing to account for her gastrointestinal problems in the RFC with a limitation that she required time off, and by failing to "fully appreciate" the impact of her spinal problems in the RFC. Pl.'s Br., pp. 17-25. The Court finds the ALJ did err by inadequately explaining why the RFC did not contain any restrictions tailored to her gastrointestinal problems.

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

5

B.     **The Standard for Evaluating Subjective Complaints**

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or non-treating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (*per curiam*) (citing 20 C.F.R. § 404.1529(c)(4)).

In doing so, the ALJ is not judging a claimant's credibility or character for truthfulness, but rather "whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 WL 1020935, at *14170 (orig. publ. Mar. 16, 2016)).  Social Security Ruling 16-3p, clarifies:

> that subjective symptom evaluation is not an examination of an individual's character . . . . Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms.  We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . .

6

SSR 16-3p, 2016 WL 1020935, at *14167.

Moreover, this Court is required to uphold the Commissioner's determination regarding subjective complaints if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2] As courts within this Circuit have explained,

> SSR 16–3p also expressly provides that the ALJ may not make conclusory statements about having considered the symptoms, or merely recite the factors described in the regulations. Rather, the determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent, and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

Ring v. Berryhill, 241 F. Supp. 3d 1235, 1251 (N.D. Ala. 2017), *aff'd sub nom*. Ring v. Soc. Sec. Admin., Comm'r, 728 F. App'x 966 (11th Cir. 2018); see also Dyer v. Barnhart, 395 F.3d 1206, 1210-11. Finally, in conducting its review, the Court is mindful the question is not whether the ALJ could have reasonably considered Plaintiff's complaints, but rather, "whether the ALJ was clearly wrong to discredit" them. Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011) (*per curiam*).

### C. The ALJ Erred by Inadequately Considering Plaintiff's Subjective Complaints in Formulating the RFC

While determining the extent of Plaintiff's functional limitations to craft an RFC, the ALJ first noted Plaintiff's self-described limitations. Plaintiff reported she could not work full-time due to back and gastrointestinal problems, she experienced depression and suicidal thoughts, she could only walk for twenty to thirty minutes, and she could not pay attention for more than an hour. R. 28, 58-65, 74-76; 322-329. She also reported constantly running to the restroom while working at

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a hair salon because of vomiting, diarrhea, and constipation, and in one instance stopped in the middle of a client's hair appointment and left work due to vomiting. R. 60, 63, 322. She stated she experiences bowel issues daily and often is unable to eat and must change clothes to regulate her temperature. R. 64-65. She reported that she does not require a diaper but must quickly find a bathroom when necessary. R. 65.

The ALJ turned to the record evidence, documenting in great detail Plaintiff's extensive gastrointestinal treatment history. R. 28-29, 31. The evidence showed mixed results. For example, after a colectomy in 2014, Plaintiff reported improvement, but continued to return to medical providers for gastrointestinal issues in 2015. See R. 28, 531, 617, 716, 718, 724 914-15, 1503-04, 1641-46, 1578. After treatments in 2017 and 2018, Plaintiff exhibited some improvement, completed pelvic floor therapy, had normal small bowel transit time, had stable bowel obstruction, and declined a complete ileostomy. R. 29, 916, 970, 975, 980-81. The ALJ also walked through her musculoskeletal issues, radiculopathy, osteoarthrosis, and neuropathy—the primary drivers of her back and arm pain—explaining her treatment history across the relevant periods. R. 30. Plaintiff has received injections, physical therapy, medication, and pain management to a variety of results. R. 29-30, 59-61, 2084-85. The ALJ concluded by characterizing all of Plaintiff's treatments as "generally . . . successful at alleviating the worst of her symptoms." R. 30.

The ALJ found persuasive the opinions of the state agency medical consultants, who recommended similar exertional limitations as included in the RFC. R. 31, 96-98, 112-14. The ALJ was also swayed in assessing Plaintiff's subjective complaints by evidence showing Plaintiff had remained capable of carrying out many daily living activities. R. 30, 50-53, 323-28. Evidence and testimony showed Plaintiff could perform errands and tasks like driving, shopping, basic

cooking, laundry, bathing, house cleaning, and using the computer during the relevant periods. R. 28, 50-53, 323-27, 332. She did yoga daily and was able to travel and visit others multiple times a week despite low energy. R. 28, 31, 51, 75, 326-27; Tomes v. Comm'r of Soc. Sec., No. 6:08-CV-390-ORL-GJK, 2009 WL 1783236, at *15 (M.D. Fla. June 17, 2009) (citing claimant's daily living activities as evidence contrary to claimant's subjective descriptions of her impairment's intensity and effects). She also held a part-time job as a hair stylist, though not without difficulties, and the ALJ pointed out 2016 was her largest earning year since 1994 and one of her highest earning years of her thirty-four-year employment history. R. 31, 62-63, 240, 247; see Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808 (11th Cir. 2013) (claimant's current employment "may indicate that she is able to more work" despite her impairments). The ALJ concluded by stating the evidence "suggests she remains capable of some work *given appropriate restrictions*." R. 31 (emphasis added).

However, none of the limitations in the RFC seem responsive to Plaintiff's severe gastrointestinal impairments. While some limitations, such as those around standing, might partially address her gastrointestinal impairments, there are no limitations regarding time off-task, bathroom breaks, or proximity to a bathroom, limitations mentioned by Plaintiff and commonly found in RFCs for claimants suffering from similar gastrointestinal issues.

While the ALJ explained a limitation to sedentary work "would be consistent with [Plaintiff's] combination of gastrointestinal and musculoskeletal impairments, including radiculopathy, fibromyalgia and osteoarthritis," R. 31 (emphasis added), the actual decision gives no further detail *why* such a limitation would not need any specific restrictions for Plaintiff's gastrointestinal impairments. For example, the ALJ relied heavily on Plaintiff's daily activities but did not explain why those activities show Plaintiff's gastrointestinal impairments are less

9

intense or limiting than described by Plaintiff. Plaintiff's ability to function and care for herself at home, where she is always close to a bathroom and unrestrained in its use, gives little indication of her limitations in a workplace. Further, while Plaintiff has continued to work over the years, the ALJ ignored that some of the work has been at home. R. 53, 56.

Additional explanation by the ALJ is necessary in order to so minimize Plaintiff's subjective complaints of her gastrointestinal impairments. As the Eleventh Circuit has explained, using the old credibility language for discounting subjective complaints, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995); see also Dyer, 395 F.3d at 1210-11 ("the implication must be obvious to the reviewing court"). Whatever implication the ALJ intended, it is inadequate.

A similar situation played out in Devita D. v. Comm'r, Soc. Sec. Admin., where a claimant had an extensive treatment history for severe gastrointestinal impairments, including hospitalization, and testified she suffered from abdominal pain, constipation, and diarrhea constantly, but the ALJ issued an RFC without limitations tailored to those impairments, such as bathroom breaks. No. 2:20-CV-00298-JCF, 2022 WL 16646221, at *3-4 (N.D. Ga. Sept. 19, 2022). While the ALJ cited the claimant's normal daily living activities like driving, shopping, and doing chores in support of lesser limitations, the Court remanded the decision as the ALJ did not "explain why [claimant] would not be required to take more frequent bathroom breaks than allowed during an 8-hour workday in light of" her treatment history, hospitalizations, and testimony on pain and bathroom use. Id. at *6. Likewise, in Raduc v. Comm'r of Soc. Sec., the Eleventh Circuit found error when it was "unclear whether and to what extent the ALJ discounted [claimant's] testimony about her IBS symptoms" when the ALJ did not find claimant's IBS

10

affected her RFC.  380 F. App'x 896, 898-99 (11th Cir. 2010).

None of this is to say the ALJ should have included additional limitations in the RFC. Diagnosis of a severe impairment alone does not establish a corresponding functional limitation.  Moore, 405 F.3d at 1213 n.6 (11th Cir. 2005).  Accordingly, the Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application.  However, should the ALJ have believed limitations related to Plaintiff's gastrointestinal impairments were unnecessary, the decision is unclear as to his reasoning.  As such, remand is warranted.  The Court need not reach Plaintiff's remaining contentions.  See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.6 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing on remand, "the ALJ is to reconsider [claimant's] claim based on entire record"). Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 5th day of December, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA